## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHRISTA B. FISCHER**<br>338 Knight Bridge Way<br>Lititz, PA 17543<br>*Resident of Lancaster County*<br><br>***Individually and On Behalf of Other***<br>***Similarly Situated Employees***<br><br>　　　　Plaintiff,<br><br>v.<br><br>**FEDERAL EXPRESS CORPORATION**<br>942 S. Shady Grove Road<br>Memphis, Tennessee 38120<br><br><br>**FEDEX GROUND PACKAGE SYSTEM,**<br>**INC.**<br>2954 Columbia Drive<br>Bensalem, PA 19020<br><br>　　　　Defendants. | Collective/Class Action Claims<br><br><br><br><br><u>Jury Trial Requested</u><br><br><br><br><br>Civil Action No.: |

### CLASS AND COLLECTIVE ACTION COMPLAINT FOR WAGES OWED

Plaintiff, CHRISTA B. FISCHER (Fischer), by counsel, The Law Offices of Peter T. Nicholl and Pollins Law, submits this Complaint against her former employers, Defendants, FEDERAL EXPRESS CORPORATION and FEDEX GROUND PACKAGE SYSTEM, INC., to recover unpaid wages, liquidated damages, interest, reasonable attorneys' fees and costs under Section 16(b) of the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* (hereinafter, "FLSA"), the Pennsylvania Minimum Wage Act (hereinafter "PaMWA"), 43 P.S. §333.101, *et seq.*, the Pennsylvania Wage Payment and Collection Law (PaWPCL), 43 P.S. § 260.1, *et seq.* (hereinafter, "PAWPCL"), and in support thereof, states as follows:

## INTRODUCTION AND BACKGROUND

Federal Express Corp. (hereinafter "FedEx"), is an international organization operating in the package delivery industry with its principal office located in Memphis, Tennessee. FedEx Ground Package System, Inc. ("FedEx Ground") is responsible for the shipping of FedEx's packages using only ground transportation. FedEx is registered to do business in Pennsylvania. According to the Pa. Dept. of State's website (https://www.corporations.pa.gov/search/CorpSearch, accessed on 10/18/19), FedEx Ground maintains an office at 2954 Columbia Drive, Bensalem, PA 19020. Upon information and belief, both FedEx and FedEx Ground operate and deliver packages throughout the Eastern District of Pennsylvania on a daily basis.

To service its customers and protect its brand, Defendants employ various personnel including Couriers, Packers, Security Specialists II, IIIs and Senior Security Specialists. Defendant initially hired Fischer to work as a "Courier." In November 2009, Defendants promoted Fischer to "Security Specialist III" and then to "Senior Security Specialist" in January 2011.

Fischer's job duties as a Security Specialist III and a Senior Security Specialists were/are akin to those of a security guard and investigator, and not sufficiently managerial to exempt persons in these positions from the FLSA overtime requirements. Fischer and others in the Security Specialist and Senior Security Specialist positions are primarily charged with investigating employee violence and theft, as well as other instances of possible theft, pilfering, vandalism and similar occurrences.

Fischer and others similarly situated consistently work in excess of forty (40) hours per week. Defendants did not and do not compensate Fischer or others for their overtime hours. Defendants have justified this behavior by paying Fischer under the guise of a salary and as a

supposed "exempt employee." However, Fischer's duties do not exempt her from the overtime requirements of the FLSA and PaMWA and the payment requirements of the PaWPCL.

Defendants have willfully and intentionally misclassified Fischer and other Security Specialists and Senior Security Specialists as salaried employees to avoid paying Fischer and her co-workers overtime compensation for all hours they worked over forty (40) per week. Through these unlawful acts, Defendants continue to evade the payment of overtime wages owed to Fischer and other similarly situated employees pursuant to the standards set forth by the FLSA, PaMWA and PaWPCL.

## THE PARTIES

1.     Fischer is an adult resident of Lancaster County, Pennsylvania.

2.     FedEx is an international organization in the package delivery service industry. FedEx is a Delaware corporation with a principal office located in Memphis, Tennessee.

3.     FedEx operates several divisions nationwide and worldwide including FedEx Ground, FedEx Express, and FedEx Freight. FedEx is registered to do business in every state in the United States, including Pennsylvania.

4.     FedEx Ground is a Delaware corporation. Upon information and belief, FedEx Ground's headquarters are at 1000 FedEx Drive, Corapolis, Pennsylvania 15108 and FedEx Ground also maintains a corporate office at the above address in Bensalem, Pennsylvania.

5.     FedEx Ground is a subsidiary of FedEx.

6.     Upon information and belief and as stated above, both FedEx and FedEx Ground operate and deliver packages throughout the Eastern District of Pennsylvania on a daily basis.

7.     FedEx and FedEx Ground function as a joint enterprise.[1]

---

[1] Any reference to Defendants shall include their corporate officers and all those empowered to act as agents of the corporation, either explicitly or implicitly, or who are designated as agents under the doctrine of apparent agency.

8.     Defendants are subject to the FLSA and PaMWA due to the amount of annual revenues generated; Defendants' annual dollar volume of business exceeds $500,000.00.

9.     At all times relevant to this Complaint, Fischer engaged in interstate commerce by the nature of the duties she performed as part of her employment with Defendants.

10.    Fischer works for Defendants, who, at all times throughout her employment, fell within the definition of the term "employer" under the FLSA, 29 U.S.C. § 203(d) and the PaMWA, 43 P.S. §333.103 (g).

11.    While working as a Security Specialist III and subsequently as a Senior Security Specialist for Defendant, Fischer and other similarly situated employees should have, at all times, been classified and paid as non-exempt hourly employees under the FLSA and the PaMWA.

12.    From approximately August 2005 to July 2019, Fischer has been employed with Defendants.

13.    At all times relevant to this Complaint, Defendants and/or their agents controlled the administration of their business and set employee schedules, including the schedules of Fischer and other similarly situated employees.

14.    Defendants are actively engaged in the management and direction of Fischer and other similarly situated employees.

15.    Defendants control and supervise the work that Fischer and other similarly situated employees perform.

16.    Defendants and/or its agents, particularly the Security Zone Managers, would meet with Fischer and other similarly situated employees during the year to ensure that policy and practices developed by management are properly communicated, understood and being followed.

---

To the extent individual agents of Defendants are responsible for any actions alleged in this Complaint, they are hereby incorporated by reference within the term "Defendants."

17. Defendants possessed and exercised the authority to determine the hours worked by Fischer and other similarly situated employees.

18. Defendants had and exercised the authority to control Fischer's tasks and the tasks of other similarly situated employees and the manner in which those tasks were to be completed.

19. Defendants had the power and authority to change assignments of Fischer and other similarly situated employees and the course of Fischer's duties and the duties of other similarly situated employees.

20. Defendants made all decisions relating to Fischer's rate and method of pay.

21. Fischer and members of the putative class recognized Defendants' authority and obeyed Defendants' instructions.

## JURISDICTION AND VENUE

22. Original jurisdiction in this Honorable Court is expressly provided by FLSA, 29 U.S.C. § 207, *et seq*.  This Court also has subject matter jurisdiction under 28 U.S.C.  § 1331.

23. Discretionary supplemental jurisdiction of Fischer's state law claims is provided by 28 U.S.C. § 1367 (a); the state law claims form part of the same case or controversy and derive from the same common nucleus of operative facts on which Fischer's federal claims are based. Furthermore, no reasons exist that would require this Honorable Court to decline jurisdiction; the state law claims (i) do not raise novel or complex issues of state law, (ii) do not substantially predominate the claims over which this Honorable Court has original jurisdiction, and (iii) no exceptional circumstances exist that would constitute a compelling reason for declining jurisdiction, thereby satisfying 28 U.S.C. 1367(c).

24. Pursuant to 28 U.S.C. § 1391(b), venue is appropriate as most if not all of the unlawful acts central to this matter occurred within Pennsylvania.

25.     This Honorable Court has personal jurisdiction over Defendants; Defendants conduct sufficient business within the forum state (daily delivery of multiple packages throughout Pennsylvania, including the Eastern District of Pennsylvania, should suffice) so as to constitute a submission to its laws.

## FACTUAL ALLEGATIONS FOR ALL CLAIMS

26.      In approximately August 2005, Defendants hired Fischer to work as a Courier. She worked as a Courier until approximately November 2009, when Defendants promoted her to the position of Security Specialist III.

27.     During the last 13 months of her employment, Fischer covered two (2) FedEx Ground locations in Pennsylvania, one in Lewisbury and the other in Williamsport.  She previously covered a total of seventeen (17) express stations and two (2) ground stations.

28.     The majority of a Security Specialist III's work revolves around servicing and maintaining the safety and security needs of Defendants' employees, customers and property.  This primarily entails investigating workplace violence and/or theft and implementing preestablished corrective action plans.

29.     On a daily basis, Fischer and other Security Specialist IIIs were required to monitor the sorting of packages at Defendants' warehouse/sorting facilities. Fischer and others similarly situated ordinarily worked a combination of morning, evening and weekend shifts. As mentioned above, Fischer and other Security Specialists would rotate among geographical facilities assigned to them.

30.     Fischer and other similarly situated employees were required to prepare daily reports on all incidents for Express and Ground issues.  Fischer and other Security Specialists were also required to investigate any incidents that arose during the day while they were on shift.

31.     Fischer and other similarly situated employees would receive calls, text messages and emails regarding work issues before the start of their work day, throughout the day, after they arrived home following their regular shift and on weekends as well.  This meant that employees in the Security Specialist position were essentially on-call 24/7.  On receipt of calls regarding certain types of incidents, they would be required to drive out to the locations of the incidents, perform investigations and immediately prepare incident reports accordingly. These incident reports were prepared using Defendants' standard guidelines and action plans and were submitted to Fischer's supervisors for review upon completion.  Security Specialists were also required to send media alerts to Defendants' media department whenever a robbery or major event occurred within their coverage area.

32.     In addition to the incident reports, Fischer and other similarly situated employees were assigned cases regarding shipping issues. Fischer and other Security Specialists would have to review these cases daily, update Defendants' database and prepare monthly reports on the status of each case. These monthly reports needed to be completed within seven (7) calendar days of each new month. The reports had to conform to Defendants' guidelines and format and were submitted to Fischer's immediate supervisors for review on completion.

33.     Fischer and others similarly situated were also tasked to perform six (6) vehicle security audits (VSAs) per month.  They had to ensure that FedEx Ground and FedEx Express drivers kept their trucks locked while making deliveries.  They would prepare reports regarding any incidents and again had to follow Defendants' guidelines in preparing these reports, which would be submitted to their supervisor/s for review.

34.     In approximately January of 2011, Defendants promoted Fischer to the position of Senior Security Specialist.  This position encompassed the duties of the Security Specialist III

duties noted above. In addition, Senior Specialists acted as the liaison between Defendants'
subcontracted Security Guards that were stationed at each facility and their supervisors.

35.     Security Specialists and Senior Specialists did not regularly supervise any
employees, and were not required to write up disciplinary actions.

36.     Security Specialists and Senior Specialists had little to no discretion in the manner
in which they were to perform their assigned tasks.

37.     Defendants and their executives/managers make all major decisions concerning the
manner in which Fischer and other Security Specialists and Senior Specialists were to perform
their duties and controlled all general policies and procedures that were related to those duties.

38.     Fischer and others similarly situated did not have the authority to hire or fire other
employees.

39.     Fischer and others similarly situated did not have any input or discretion with regard
to any of the employment terms and conditions of Defendants' employees.

40.     Fischer and others similarly situated did not perform work that is related to
Defendants' management policies or general business operations.

41.     Fischer's and other Security Specialists and Senior Specialists' duties did not affect
the structure of Defendants' business, substantially or otherwise.

42.     Fischer and others similarly situated had no effect on the administrative operation of
Defendants' business.

43.     Fischer at all times satisfied the requirements of her job and adequately performed
her duties to benefit Defendants.

44.     For the aforementioned work as a Security Specialist III, from approximately November 2009 to December 2010, Fischer received annual salaries ranging from $62,000.00 to about $63,000.00.

45.     For the aforementioned work as a Senior Security Specialist, from approximately January 2011 to July 2019, Fischer received annual salaries ranging from $63,000.00 to about $74,000.00.

46.     Regardless of how many hours Fischer and other similarly situated employees worked, they did not receive any wages in addition to their regular salaries.  This is true for both Security Specialists and Senior Security Specialists.  This was the case for the entirety of Fischer's tenure with Defendants.

47.     During most pay periods, Fischer and other similarly situated employees consistently worked well over forty (40) hours per week.

48.     In addition to their regular forty (40) hour work schedule, Fischer and other Security Specialists and Senior Security Specialists were required to work one evening shift package sort per week, that is, from 3:00 p.m. to 12:00 a.m. the next day, and one (1) Saturday each month from January to November and every Saturday in December.

49.     However, due to the nature of the job, Fischer and others similarly situated worked well more than these scheduled hours.  There was typically an increase in the number of incidents on Thursdays and Fridays, causing Fischer to work longer hours.  The holiday season would also require an increased demand in working hours.

50.     Fischer and others similarly situated were also frequently on-call twenty-four (24) hours a day.  When on-call, Fischer and others are required to answer any business call.  This was

true for other Specialists and Senior Specialists, regardless of what warehouse or office they were assigned to.

51.     When on-call, Fischer and other employees are strictly regulated.  Employees are required to remain within a limited geographical area when they are on-call, because they may need to report to various facilities on short notice.  Furthermore, Fischer and others are prohibited from drinking alcohol when on-call, as they are required to be sober to resolve any security or safety problem upon receiving a call. This on-call policy contributed substantially to the amount of overtime hours Fischer and other similarly situated Security Specialists and Senior Security Specialists worked.

52.     After working their assigned daily schedule, Fischer and others would regularly continue to work from home.  Calls regarding security and safety issues could come in at any time after or before Fischer and others' scheduled shifts. Fischer and others similarly situated would also be contacted by email and text message. Fischer was required to work on resolving the issues/problems over the phone or travel to the facility or office to resolve security issues.

53.     Fischer and other similarly situated Security Specialists and Senior Security Specialists were required to attend quarterly group work meetings.  These meetings were held at FedEx facilities/offices and could last approximately six (6) or seven (7) hours. Fischer and other similarly situated Security Specialists and Senior Security Specialists were also required to conduct a minimum of six (6) awareness sessions per month with employees and new hires at their assigned facilities.  These requirements further contributed to the overtime hours they worked.

54.     All of these factors combined resulted in Fischer and other similarly situated employees consistently working as many as 100 to 120 hours per week.

55.     Regardless of how many hours she worked, Fischer did not receive any overtime wages for hours worked over forty (40) in a workweek.  Fischer received only her regular salary.

56.     Defendants' standby/on-call policy provides compensatory time off for employees who are required to be on-call for critical business purposes, either for days they are not scheduled to work or for time before or after the completion of their regularly assigned shift.  One hour of compensatory time is granted for every eight (8) duty hours.  Per this policy, in the event that compensatory time could not be scheduled because of business demands, employees are to receive a lump sum payment for the compensatory time with the approval of a manager.

57.     During the course of her employment, Fischer never took compensatory time off nor did she receive a lump sum for the compensatory time she earned for her constant on-call time.

58.     Defendants paid Fischer and others similarly situated a salary and offered compensatory time in order to evade both Federal and Pennsylvania wage laws requiring non-exempt employees like Fischer and others similarly situated to receive overtime pay for all hours worked over forty (40) in a workweek.

59.     There is no bona fide dispute that Fischer and others similarly situated are owed overtime wages for hours worked over forty (40) in a workweek.  At no time did Fischer's duties, or those of other similarly situated employees, actually include work that would make them exempt from the FLSA and PaMWA provisions requiring that they be paid overtime wages.

60.     Defendants and/or their agents were well aware of the overtime hours Fischer and other similarly situated employees were regularly required to work yet made no effort to compensate its employees for such overtime work.

61.     Defendants and/or their agents were actively engaged in the scheduling, management and direction of Fischer and other similarly situated employees.

62.     Defendants and/or their agents controlled and supervised the work performed by Fischer and other similarly situated employees and were aware of and suffered or permitted them to work more than forty (40) hours a week.

63.     In bad faith, Defendants withheld overtime wages owed to Fischer and other similarly situated employees

64.     Thus, Fischer seeks her wages owed and other available relief through this Complaint.

## FLSA COLLECTIVE ACTION ALLEGATIONS

65.     Fischer and other similarly situated employees worked as "Security Specialist IIs" "Security Specialist IIIs" and "Senior Security Specialists" for Defendants.

66.     The FLSA requires employers to compensate non-exempt employees such as Fischer and other similarly situated employees overtime wages for all hours worked over forty (40) within a single workweek.

67.     Defendants knew or should have known that Fischer and other similarly situated employees typically and customarily worked well over forty (40) hours per week. Defendants suffered or permitted Fischer and other similarly situated employees to work more than forty (40) hours per week without compensation for the overtime.

68.     Defendants knew or should have known that Fischer and those similarly situated are entitled to overtime wages for all hours worked over forty (40) in a single workweek.

69.     Pursuant to the FLSA, Fischer commences this collective action against Defendants on behalf of herself and those similarly situated for the payment of wages owed reflecting an overtime rate of not less than one and a half (1.5) times their regular rates of pay.

70.     Fischer consents to be party plaintiff in this matter; Fischer's consent form is attached to this complaint as Exhibit A.  It is likely that other individuals will join Fischer during the litigation of this matter and file written consents to "opt in" to this collective action.

71.     There are numerous similarly situated current and former employees of Defendants that have been harmed by Defendants' common policy to underpay its employees and violate the FLSA.

72.     These similarly situated persons are known to Defendants and are readily identifiable through Defendants' records.

73.     Many of these similarly situated employees would benefit from the issuance of court-supervised notice, granting them the opportunity to join this lawsuit.

74.     Upon information and belief, other similarly situated employees will choose to join Fischer in this action against Defendants and opt in to this lawsuit to recover unpaid wages and other available relief.

### CLASS ACTION ALLEGATIONS UNDER PENNSYLVANIA WAGE LAWS

75.     Fischer brings this action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of herself and other current and former employees that served as Security Specialist IIs, Security Specialist IIIs and Senior Security Specialists (hereinafter "Specialists") for Defendants and were subject to the following practices and policies: denial of overtime wages under the PaMWA for hours worked over forty (40) in a single workweek.

76.     The Class Fischer seeks to represent is defined as:

*PaMWA Class*

> All individuals who are or were employed by Defendants as Security Specialist IIs, Security Specialist IIIs and for Senior Security Specialists for any period ranging from the **Date of Filing of Complaint minus 3 years** to the present and who were not paid an

overtime rate of time-and-a-half their regular rate for all hours worked over forty (40) in a workweek in violation of PaMWA.

*PaWPCL Class*

> All individuals who were, but are no longer, employed by Defendants as Security Specialist IIs, Security Specialist IIIs and Senior Security Specialists, for any period of time ranging from **Date of Filing of Complaint minus 3 years** to the present and who were not paid their regular wages for all hours worked, and were not paid all their overtime wages for all hours worked over forty (40) in a workweek in violation of PaMWA, and thus did not receive all wages owed to them before the termination of their employment with Defendants in violation of the PaWPCL

77.    *Numerosity:* The individuals in the class are sufficiently numerous that joinder of all members is impracticable.  Although the precise number of such individuals is currently unknown, upon information and belief, the class includes hundreds of employees who are readily identifiable through Defendants' pay records.  Defendants employ hundreds of Security Specialists at its various offices and warehouses throughout the state.  Consequently, numerosity exists.

78.    *Commonality:* There are questions of law and fact common to the class.  Among the common questions of law and fact applicable to Fischer and the class are:

>   i.   Whether the PaMWA Class is similarly situated because they all performed the same basic duties and were subject to Defendants' common policy and practice of not paying them overtime;
>
>   ii.  Whether Defendants employed the PaMWA Class within the meaning of PaMWA;
>
>   iii. Whether Defendants violated PaMWA by failing to pay Fischer and the Class overtime compensation for hours worked in excess of forty (40) hours per workweek;
>
>   iv.  Whether Defendants' violations of PaMWA were willful;

v.   Whether Defendants employed the PaWPCL Class within the meaning of the PaWPCL;

vi.   Whether Defendants failed to provide Fischer and other members of the PaWPCL Class with all wages due at the time their employment ended in violation of the PaWPCL;

vii.   Whether Defendants' violations of the PaWPCL were willful; and

viii.   Whether Defendants are liable for damages claimed herein, including but not limited to, unpaid wages, liquidated damages, interest, costs and attorneys' fees.

79.   *Typicality:* Fischer's claims are typical of those of the Class.  Specifically, each and every class member of both the PaMWA Class and the PaWPCL Class worked as a Security Specialist II, Security Specialist III or Senior Security Specialist for Defendants and was assigned to one or more of its warehouses or offices in Pennsylvania.  Each and every PaMWA Class member was required to work well over forty (40) hours per workweek to keep up with Defendants' imposed schedule and as a result of regular understaffing and on-call requirements. Each member of both Classes was paid a salary that remained unchanged, regardless of the number of hours worked each week.  As a result, each and every class member suffered the same harm. This was due to Defendants' failure to pay a proper overtime premium for all hours worked in excess of forty (40) hours per workweek. This resulted in Defendants' subsequent failure to pay Fischer and other members of the PaWPCL Class all wages owed to them at the conclusion of their employment, and this constitutes a violation of both PaMWA and the PaWPCL.

80.   *Adequacy:* Fischer will fully and adequately protect the interests of the Class. She seeks the same recovery as the Class, predicated upon the same violations of the law and the same

damage theory. Fischer has also retained counsel who are qualified and experienced in the prosecution of statewide wage and hour class actions. Neither Fischer nor her counsel have interests that are contrary to, or conflicting with, the interests of the class.

81.     *Predominance:* The common issues of law and fact predominate over any individual issues. Each class member's claim is controlled by Pennsylvania's wage and hour statutory scheme and one set of facts. This is based on Defendants' failure to pay overtime as required by PaMWA and their subsequent failure to pay all wages due at the end of an individual's employment as required by the PaWPCL. Similarly, the damages are easily certifiable in that Defendants' records will provide the amount and frequency with which each class member was paid. The amount of time each class member worked should also be available through Defendants' records.

82.     This action is maintainable as a class action. The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class. This would establish incompatible standards of conduct for Defendants. If they were to pursue their claims separately, the numerous adjudications that would be required to protect the individual interests of the class members would constitute a drain and burden on judicial resources. Accordingly, the Court should certify the proposed classes.

## CAUSES OF ACTION AND VIOLATIONS OF LAW

### Count I.  Violation of the FLSA: Failure to Pay Overtime Wages to Fischer and Any Members of the Collective Action Who, During The Course of This Matter, Opt-In to the Suit by Submitting their Consent Forms to Become a Party Plaintiff.

83.     Fischer hereby fully incorporates in this Count all allegations contained within this Complaint.

84.     Fischer and those employees similarly situated are entitled to overtime under 29 U.S.C. § 207(a), which provides that employers must compensate their employees for hours

worked in excess of forty (40) in a workweek at a rate of not less than one and one-half (1.5) times the regular rate at which they are employed.

85.     As described above, Fischer and others similarly situated have not received from Defendants compensation reflecting the prescribed overtime wage rate for hours worked in excess of forty (40) in a week; Defendants failed to properly compensate Fischer and others for these additional hours.

86.     Defendants willfully and intentionally failed to compensate Fischer and others for the overtime hours they worked by unjustifiably paying them under the guise of a salary.  There is no bona fide dispute that Fischer and others similarly situated are owed overtime wages for work performed for Defendants.

87.     Under the FLSA, Fischer and others similarly situated are entitled to additional wages from Defendant to compensate them for hours worked in a workweek in excess of forty (40) at a rate of one and one-half (1.5) times their regular hourly wage rates.

***Count II. Violation of the PaMWA: Failure to Pay Overtime Wages to Fischer and All Members of the PaMWA Class, to be Certified by Motion During the Course of This Matter.***

88.     Fischer hereby fully incorporates in this Count all allegations contained within this Complaint.

89.     Pursuant to the PaMWA, 43 P.S. § 333.104(c), each employer shall pay an overtime wage of at least one and one half (1.5) times the regular hourly rate.

90.     Furthermore, pursuant to PaMWA, 43 P.S. § 333.104(c), an employer shall compute the wage for overtime under on the basis of each hour over forty (40) that an employee works during one (1) workweek.

91.     Fischer has not received compensation from Defendants reflecting the prescribed overtime wage rate for hours worked in excess of forty (40) in a week; rather, Defendants unlawfully compensates Fischer for all hours by paying her a salary.

92.     Defendants willfully and intentionally did not compensate Fischer for the overtime hours she worked by unjustifiably paying Fischer under the guise of a salary.  There is no bona fide dispute that Fischer is owed overtime wages for the work she performed for Defendants.

93.     Under the PaMWA, Fischer and the putative class are entitled to additional wages from Defendants for all overtime hours worked at a rate of one and one-half (1.5) times their regular hourly wage rate.

**Count III.** *__Violation of the PaWPCL: Failure to pay wages owed at or before the termination of their employment to Fischer, all those appropriately joined in this matter, and all members of the PaWPCL Class, to be certified by motion during the course of this matter.__*

94.     Fischer hereby fully incorporates in this Count all allegations contained within this Complaint.

95.     Fischer and putative class members are entitled to wages under the PaWPCL, 43 P.S. § 260.3, which provides that each employer shall pay an employee all wages due for work that the employee performed before the end of employment, on or before the day on which the employee would have otherwise been paid their wages.

96.     Fischer has not received compensation from Defendants for all wages owed for work performed in accordance with the PaWPCL. This is specific to Defendant's failure to pay Fischer overtime for all hours worked over forty (40) in a workweek.  Similarly, Defendants failed to compensate the members of the PaWPCL Class correctly by paying them in the same manner.

97.     Defendants willfully and intentionally withheld from Plaintiff and all members of the PaWPCL Class the wages owed to them and continued to violate the PaWPCL, even after Fischer and others informed Defendants of the violation.

98.     All members of the PaWPCL Class are similarly situated to Fischer and have suffered the same harm resulting from the same policies and practices complained of in this Complaint.

99.     Under the PaWPCL, there is no bona fide dispute that Fischer and all members of the PaWPCL Class are owed additional wages for work performed while employed by Defendants.

## **PRAYER FOR RELIEF**

WHEREFORE, Fischer, on behalf of herself and others similarly situated, prays for the following relief:

a)     In accordance with 29 U.S.C. § 216(b), designation of this action as a collective action on behalf of Fischer and those similarly situated;

b)     In accordance with Rule 23 of the Federal Rules of Civil Procedure, designation of this action as a PA state law class action on behalf of Fischer and all members of the proposed classes;

c)     Ordering Defendants to disclose in electronic format, the names, addresses, and emails of all those individuals who are or were similarly situated and permitting Fischer to send notice of this action to all those similarly situated individuals;

d)     Designating Fischer to act as class representatives on behalf of all similarly situated employees for both the FLSA and Pennsylvania state law classes;

e)     Judgment against Defendants for their failure to pay Fischer, and those similarly situated, in accordance with the standards set forth by the FLSA;

f)     Judgment against Defendants for their failure to pay Fischer, and other members of the PaMWA Class, all those appropriately joined to this matter in accordance with the standards set forth by PaMWA;

g)     Judgment against Defendants for their failure to pay Fischer, and other members of the PaWPCL Class and all those appropriately joined to this matter in accordance with the standards set forth by the PaWPCL;

h)    Judgment against Defendants and classifying their conduct as willful, not in good faith and that it was not the result of a bona fide dispute, with respect to classifying the Security Specialist position as exempt under the FLSA and PaMWA;

i)    Judgment against Defendants and classifying Fischer and the classes as non-exempt employees entitled to protection and compensation under the FLSA and PaMWA and the PaWPCL;

j)    An award against Defendants for the amount of unpaid overtime wages owed to Fischer, members of the Collective, members of the PaMWA Class and all those appropriately joined to this matter calculated at a rate that is not less than one and a half (1.5) times Fischer's and other similarly situated employees' respective regular hourly rate for all overtime hours worked;

k)    An award against Defendants for the amount of unpaid overtime wages owed to Fischer, members of the Collective, members of the PaWPCL Class and all those appropriately joined to this matter calculated at a rate that is not less than one and a half (1.5) times Fischer's, and other similarly situated employees' respective regular hourly rate for all overtime hours worked;

l)    An award of liquidated damages equal to the total amounts of unpaid wages owed to Fischer, members of the Collective, members of the Classes, and all those appropriately joined to this matter, whichever is deemed just and equitable by this Honorable Court;

m)    An award of reasonable attorneys' fees and all costs, plus pre-judgment and post-judgment interest, to be satisfied in full by Defendants;

n)    Leave to add additional Plaintiffs by motion, through the filing of written consent forms, or any other method approved by this Honorable Court; and

o)    All further relief deemed just and equitable by this Honorable Court.

## <u>REQUEST FOR JURY TRIAL</u>

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Fischer requests that a jury of her peers hear and decide all possible claims brought on her behalf and on behalf of those similarly situated.

Respectfully submitted,

*/s/ George E. Swegman*
George E. Swegman, Esquire (#19444)
*gswegman@nicholllaw.com*
Kelly A. Burgy, Esquire (#20758)
*kburgy@nicholllaw.com*
The Law Offices of Peter T. Nicholl
36 South Charles Street, Suite 1700
Baltimore, Maryland 21201
Phone No.: (410) 244-7005
Fax No.:    (410) 244-8454

*Attorneys for Plaintiff*

Respectfully submitted,

By:   SMP2861

Scott M. Pollins (Pa. Atty. Id. No. 76334)
Tashell J. Jenkins (Pa. Atty. Id. No. 323580)
**Pollins Law**
303 W. Lancaster Avenue, Ste. 1C
Wayne, PA 19087
(610) 896-9909 (phone)/(610) 896-9910 (fax
scott@pollinslaw.com (email)
tashell@pollinslaw.com (email)

Date:    10/22/2019                    Attorneys for Plaintiff