IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CHRISTA FISCHER,
Individually and on Behalf of Other
Similarly Situated Employees

      PLAINTIFF,

                                    Case No.: 5:19-cv-04924-JMG

v.

FEDERAL EXPRESS CORPORATION
FEDEX GROUND PACKAGE SYSTEM, INC.,

      DEFENDANTS

---

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION AND COURT-AUTHORIZED NOTICE

---

Frederick L. Douglas (Admitted *Pro Hac*)
Brandon Pettes (Admitted *Pro Hac*)
Federal Express Corp.
3620 Hacks Cross Road
Bldg. B, 3rd Floor
Memphis, TN 38125-8800
Telephone: (901) 434-8519

Barak J. Babcock
Federal Express Corp.
3620 Hacks Cross Road
Bldg. B, 3rd Floor
Memphis, TN 38125-8800
Telephone: (901) 434-8523

Benjamin J. Ferron
FedEx Ground Package System, Inc.
1000 FedEx Drive
Moon Township, PA 15108
Telephone:  (412) 859-5945

## <u>TABLE OF CONTENTS</u>

TABLE OF CONTENTS ................................................................................................. 1

FACTUAL OVERVIEW OF PARTIES AND OPERATIONS ...................................... 2

LAW AND ARGUMENT ............................................................................................. 5

    A.   Conditional Certification of a Nation-wide Collective Action is not Appropriate Because the Court Lacks Personal Jurisdiction over Non-resident, Putative Collective Action Members. ........................................................................................5

    B.   Fischer Fails to Establish that She is Similarly Situated to Other Specialists. ...................6

        1.  Standard of Review. ........................................................................................ 6

        2.  Fischer's Declarations do not Describe Non-exempt Work. ......................................... 7

        3.  Conditional Certification is Inappropriate Because Fischer Challenges Her Individual Treatment Rather Than a Company-wide Policy. ........................................................ 8

        4.  Fischer Produced No Admissible Evidence Suggesting She is Similarly Situated to Potential Collective Action Members. ...................................................................... 10

        5.  Fischer's Declarations Lack the Specificity Required to Infer Potential Collective Action Members are Similarly Situated. .................................................................. 11

        6.  Fischer's Supporting Declarations are Insufficient to Infer Other Specialists are Similarly Situated. ............................................................................................. 12

        7.  Conditional Certification is Inappropriate because Fischer Offers No Evidence Defendants Jointly Employed Other Specialists. ...................................................... 14

        8.  Fishcer's Supporting Declarations are Insufficient to Infer Maryland Specialists are Similarly Situated. ............................................................................................. 15

    C.   Fischer's Proposed Notice and Consent Form do not Satisfy the Requirements of Section 216(B). .......................................................................................................15

OBJECTIONS TO NOTICE ...................................................................................... 15

OBJECTIONS TO OPT-IN CONSENT FORM ......................................................... 19

Defendants, Federal Express Corporation (FedEx Express) and FedEx Ground Package Systems, Inc. (FedEx Ground), submit their Response in Opposition to the Plaintiff's Motion for Conditional Certification of an FLSA class and Court-Authorized Notice ("Motion," DE 24-1[1]).

## FACTUAL OVERVIEW OF PARTIES AND OPERATIONS

FedEx Express is a federally certificated air carrier.  **Attachment 1**, Declaration of Avis Buford-Darling, ¶ 3, Exhibit A (Air Carrier Certificate); see FAA's Certificated Air Carriers List (https://www.transportation.gov/policy/aviation-policy/certificated-air-carriers-list).   It operates airline hub and ramp facilities throughout the United States, with its major hubs in Memphis, TN, Indianapolis, IN, Los Angeles and Oakland, CA, and Newark, New Jersey.  Buford-Darling Decl., ¶ 4; **Attachment 2**, Decl. of Stephen Rourke, ¶ 8.  The Memphis Hub averages 275 daily flights. Buford-Darling Decl., ¶ 6.  Indianapolis averages 89 daily flights. **Attachment 3**, Declaration of Jeffrey Williams, ¶ 4.  The Los Angeles Sort (LAX) location averages 28 daily flights, and the Oakland Sort location (OAK) averages 50 daily flights.   **Attachment 4**, Declaration of Stan Carson, ¶ 4.  At the JFK and EWR airports, FedEx operates 63 daily flights.  Rourke Decl., ¶ 8.

As an airline, FedEx Express is governed by the Railway Labor Act, 45 U.S.C.  §§181-188, *et seq* (RLA) and Airline Deregulation Act (ADA), 49 U.S.C. §41713. *See Adams v. Federal Express Corp.*, 547 F.2d 319, 321 (6th Cir. 1976) ("Federal Express is a common carrier subject to the [RLA]"), *cert. denied*, 431 U.S. 915 (1977); *A.I.B. Express, Inc. v. Federal Express Corp.*, 358 F. Supp. 2d 239, 247 n.51 (S.D. N.Y. 2004) (FedEx falls within the ADA definition of "air carrier"); *Federal Express Corp.*, 1995 NMB LEXIS 150, at *4 (N.M.B. 1995) (noting the National Mediation Board has repeatedly exercised jurisdiction over Federal Express because it is subject to the RLA).

---

[1] "DE" refers to the Court's document entry number.

FedEx Ground is a separate business entity, distinct from FedEx Express. It is a Delaware corporation with its principal place of business in Pittsburgh and, unlike FedEx Express, it is not an airline. Instead, FedEx Ground is a federally registered motor carrier engaged in business and residential ground package pickup and delivery services.  See:

- Basic Registration Information:
  https://ai.fmcsa.dot.gov/SMS/Carrier/265752/CarrierRegistration.aspx; and

- Regulatory and Inspection Data:
  https://safer.fmcsa.dot.gov/query.asp?searchtype=ANY&query_type=queryCarrierSnapshot&query_param=USDOT&original_query_param=NAME&query_string=265752&original_query_string=FEDEX%20GROUND%20PACKAGE%20SYSTEM%20INC.

FedEx Express provides security services to FedEx Corporation (the parent company) and several subsidiaries including FedEx Services, FedEx Office, FedEx Logistics and FedEx Ground. Rourke Decl., ¶ 7. FedEx Express provides security services to FedEx Ground under a Professional Services Agreement. **Attachment 5**, Decl. of Donna Starnes, ¶ 3, Exhibit A, (Professional Services Agreement).  Under the agreement, FedEx Ground pays a contractor's fee for the security services provided by Specialists (Sec. 1.01, 3.01). The agreement contemplates an independent contractor relationship between the parties (Sec. 11.01) and specifies that, for all purposes, the Specialists are FedEx Express employees (Sec. 7.01).  FedEx Ground does not hire, train or supervise Specialists.  **Attachment 6**, Decl. of Bonnie Dolence, ¶¶ 3-4.

In the U.S., FedEx Express has one international and four domestic security regions, each with its own management chain. Each of the four domestic regions are headed by a managing director, to whom zone managers, senior managers, and/or security managers report. FedEx Express' Caribbean and Latin America (CCA) security operations are headquartered in Miami, Florida.  A senior manager oversees all specialists for that region. Finally, although it is not a stand-alone region, because of its size, the Memphis Hub has a managing director, two senior

managers and security managers.  **Attachment 7**, Decl. Richard Landsiedel, ¶ 3; **Attachment 8**, Decl. of Steven Pittman, ¶ 3; **Attachment 9**, Decl. of Alejandro Pina, ¶ 8; Williams Decl. ¶ 3; Carson Decl. ¶ 3; Buford-Darling Decl. ¶ 4. Management's authority is limited to their region. Managers from one region have no authority over (or within) any other regions. Buford-Darling Decl., ¶ 9; Carson Decl., ¶ 6; Landsiedel Decl., ¶ 7; Pittman Decl. ¶ 3; Williams Decl. ¶ 7; Pina Decl., ¶ 4.

Respectively, Fischer and Saunders worked exclusively in Pennsylvania and Maryland, states within the Eastern region. DE 24-2, Fischer Decl. ¶ 6; Doc. 24-3, Saunders Decl. ¶6.  The Eastern region comprises 12 states and the District of Columbia. Rourke Decl., ¶ 4; **Attachment 10**, Decl. of Anthony Wills, ¶ 3.  During the relevant period, Fischer and Saunders were "dedicated" FedEx Ground specialists and did no work on any FedEx Express matter. Pina Decl., ¶¶ 6-7; Rourke Decl., ¶ 5; Wills Decl., ¶ 6.  Not all security specialists are FedEx Ground dedicated.  Some are responsible solely for FedEx Express locations, while others are responsible for facilities at both companies.  Rourke Decl., ¶ 6.

Specialists determine the focus of their security efforts and set their own schedules based on the needs of the facilities to which they are assigned.  Rourke Decl., ¶ 7.  Specialists have no defined 40-hour per week schedule; do not have to work an evening sort each week; do not have to work one Saturday shift per month; or, to work every Saturday during peak season. Buford-Darling Decl., ¶ 9; Carson Decl., ¶ 6; Landsiedel Decl., ¶ 5; Pittman Decl. ¶ 6; Williams Decl. ¶ 5.  Because FedEx Express has no international operations on weekends, CCA Specialists do not work on weekends.  Pittman Decl. ¶ 6.

As exempt employees, Specialists may work outside normal business hours; however, FedEx Express has no on-call policy. Specialists may adjust their schedules to attend to personal

matters (e.g., doctor's appointments or children's activities).  They need only secure coverage for their assigned locations. If a Specialist consumes alcohol during off-work hours and receives a work-related call, he/she needs only to find a replacement. Specialists do not have to stay in a specific geographic location.  Carson Decl., ¶ 5; Landsiedel Decl., ¶ 6; Pittman Decl. ¶ 6; Williams Decl. ¶ 5.

No specialists from either the Memphis Hub, the Southern, Central, Western and CCA regions, or other states within the Eastern region, worked in Pennsylvania or Maryland. Nor did they work on any projects outside their assigned region. Buford-Darling Decl., ¶ 9; Carson Decl., ¶ 6; Landsiedel Decl., ¶ 7; Pittman Decl. ¶ 5; Williams Decl. ¶ 4; Pina Decl., ¶ 9; Wills Decl., ¶¶ 8-9.

Finally, FedEx Express has no policy of understaffing Specialists. It consistently staffs Specialist positions, and when there are open positions, fills those positions as quickly as possible. Carson Decl., ¶ 7; Landsiedel Decl., ¶ 8; Pittman Decl. ¶ 8; Williams Decl. ¶ 8.

## LAW AND ARGUMENT

A. **Conditional Certification of a Nation-wide Collective Action is not Appropriate Because the Court Lacks Personal Jurisdiction over Non-Resident, Putative Collective Action Members**.

A federal court may assert personal jurisdiction over a nonresident of the state in which the court sits only to the extent authorized by the law of that state. *Fed. R. Civ. P.* 4(e). Under Pennsylvania's long-arm statute, jurisdiction reaches to the full extent allowed under the Constitution of the United States and may be based on the most minimum contact with Pennsylvania allowed under the Constitution of the United States.  42 Pa. Cons. Stat. § 5322(b). However, to exercise specific jurisdiction over a claim, there must be an affiliation between the forum and the underlying controversy, principally, an activity or occurrence that takes place in the forum state. *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1781 (2017)

Fischer seeks to represent a nationwide group of opt-in Specialists but provides no evidence that non-resident Specialists have any contact with the state. The Court has no basis to exercise specific jurisdiction over FedEx Express on claims by non-resident, putative collective action members. *See Roy v. FedEx Ground Package Sys.*, 353 F. Supp. 3d 43, 54 (D. Mass. 2018), where the court concluded *Bristol-Myers* applies to FLSA claims and divests courts of specific jurisdiction over the FLSA claims of nonresident plaintiffs. *Id* at *55 (citing *Maclin v. Reliable Reports of Tex., Inc.*, 314 F. Supp. 3d 845, 850 (N.D. Ohio 2018). Because Fischer cannot demonstrate a nexus between FedEx Express' activities in Pennsylvania and the payment to Specialists who performed security services outside Pennsylvania, Fischer cannot satisfy the relatedness requirement to establish personal jurisdiction over potential claims by non-resident, opt-in collective action members. *Roy*, 353 F. Supp. 3d at 55, 61.

**B.    Fischer Fails to Establish That She is Similarly Situated to Other Specialists.**

1. Standard of Review.

The Third Circuit uses a two-step approach in determining whether to certify 29 U.S.C. § 216(b) collective actions. *Zavala v. Wal-Mart Stores Inc.*, 691 F.3d 527, 535-36 (3d Cir. 2012). If the plaintiff carries her burden, the court certifies the collective action only for notice and pretrial discovery. *Symczyk v. Genesis Healthcare Corp.*, 656 F.3d 189, 192 (3d Cir. 2011), *rev'd on other grounds*, *Genesis Health Care Corp. v. Symczyk*, 569 U.S. 66 (2013).

At the first step, the Court determines whether plaintiff's proposed class consists of similarly situated employees who were collectively the victims of a single decision, policy, or plan. To meet this requirement, the plaintiff must produce some evidence, beyond pure speculation, of a factual nexus between how the employer's alleged policy affected her and the manner in which it affected other employees." *Symczyk*, 656 F.3d at 193. Though the quantum of proof at this preliminary step is light, and the "modest factual showing" is a very lenient standard, the burden

and required showing are not nonexistent and must still be based on some substance. *Bramble v. Wal-Mart Stores, Inc.*, No. 09-4932, 2011 U.S. Dist. LEXIS 39457, at *4 (E.D. Pa. Apr. 11, 2011). Conditional certification is not automatic. In exercising its gatekeeper function, the court must evaluate the evidence to determine whether the plaintiff has made the requisite showing. *Mitchell v. Covance, Inc.*, No. 19-02877, 2020 WL 543780, at *3 (E.D. Pa. Feb. 3, 2020). And, although the Court does not weigh the evidence, resolve factual disputes, or reach the merits of plaintiff's claims, the Court does not review plaintiff's evidence in a vacuum. It reviews plaintiff's evidence considering the evidence submitted by defendants. *Hall v. Guardsmark, LLC,* No. 11-213, 2012 U.S. Dist. LEXIS 116129, at *17 (W.D. Pa. Aug. 17, 2012)(citing *Holley v. Living*, No. 11-2444, 2012 U.S. Dist. LEXIS 70335, at *4 n.4 (E.D. Pa. May 21, 2012) (citations omitted)).

In FLSA misclassification cases, whether potential class members are similarly situated must be analyzed based on the nature of the job duties each class member performs, as the ultimate issue to be determined is whether each employee was properly classified as exempt. *Bramble* at *5. Exempt classification alone is not enough to establish putative collective action members are similarly situated. *Mitchell*, 2020 WL 543780, at *4.

2.  Fischer's Declarations do not Describe Non-exempt Work.

As a threshold matter, Fischer's factual allegations must demonstrate that putative class members are non-exempt workers. *Culpepper v. Bank of Am., Nat'l Ass'n*, No. 3:17-00264, 2019 U.S. Dist. LEXIS 12971, at *37 (D. Conn. Jan. 28, 2019) ("In sum, neither the job description itself, nor [p]laintiffs' conclusory and potentially incomplete descriptions of their duties, support [p]laintiffs' theory that [class members] primarily performed non-exempt work." (citing *Brown v. Barnes & Noble, Inc.,* 252 F. Supp. 3d 255, 264 (S.D.N.Y. 2017))). Fischer and Saunders state "duties generally were to monitor sorting operations with an eye toward preventing any employee

theft or violence, and maintain the safety and surety of the sorting process . . . observe and monitor deliveries . . . ensure compliance with all safety requirements and investigate any incidents of employee . . . violations of safety and/or security rules, shipping issues and accidents at . . . assigned facilities." Fischer Decl., ¶¶ 7 and 11; Saunders Decl., ¶¶ 7 and 11. These allegations do not clearly describe non-exempt work. For example, as part of their overall responsibility to ensure the security of their assigned facilities, Security Specialists <u>monitor</u> trends at their assigned facilities to perform root cause analyses and <u>investigate</u> security incidents to determine whether they are part of a pattern. Wills Decl., ¶ 4. Given the broad spectrum of activities encompassed in monitoring, observing and investigating, the offered description falls short of clearly describing non-exempt work and leaves the Court guessing at whether Fischer is on the exempt or non-exempt end of the spectrum.

   3. <u>Conditional Certification is Inappropriate Because Fischer Challenges Her Individual Treatment Rather Than a Company-wide Policy</u>.

   The only common policy to which Fischer refers is the classification of Specialists as exempt. This is not enough to demonstrate Fischer is similarly situated to putative class members. *Bramble,* 2011 U.S. Dist. LEXIS 39457, at *4.

   FedEx Express summarizes Specialists' duties as follows:

   . . . to prevent, analyze, respond to, and resolve any and all threats to the safety and security of the people, property, and facilities in the FedEx system. This responsibility includes maintaining the safety of employees and integrity of customer packages transiting through the FedEx system, as well as the FedEx system itself, including its aircraft, vehicles, hub, ramp, and station locations. The position's primary duty is accomplished through the performance of a number of functions and tasks directly related to FedEx's operations, which can include and are not limited to: ensuring compliance with Transportation Security Administration regulations; safeguarding the health of employees and the general public through workplace violence prevention and response, security awareness sessions, and other consultative security services; advising operations management concerning security-related matters; contributing to quality control by identifying and addressing package loss trends, offering customers or their company contacts

> guidance about FedEx processes to improve packaging and package transit through the system; and investigating, reporting, and advising on missing packages, pilferages, misconduct and other matters related to protecting the FedEx brand. Addressing and resolving safety and security threats requires the regular exercise of discretion and independent judgment due to the nature and variety of the threats and the significance of timely, appropriate, and proportionate responses.

Wills Decl., ¶ 4. Contrary to this summary of duties, Fischer claims Specialists perform no work related to FedEx's general business operations (Complaint, ¶40), do not affect FedEx's administrative operation (Compl. ¶43) and perform no exempt work (Compl. ¶ 59). Fischer points to no job description, communication, document or directive stating she had to perform primarily non-exempt tasks. Instead, like in *Bramble,* Fischer effectively argues that "as a matter of fact, rather than pursuant to a formal job description, she performs exclusively non-exempt duties for most of her working hours." *Bramble,* 2011 U.S. Dist. LEXIS 39457, at *19-20 (citing *Holt v. Rite Aid Corp.*, 333 F. Supp. 2d 1265, 1271 (M.D. Ala. 2004); *Guillen v. Marshalls of MA, Inc.*, 750 F. Supp. 2d 469, 476 (S.D. N.Y. 2010) (denying conditional certification because plaintiff's claim of spending most of his time performing non-exempt tasks was 'very different from an attack on a common formal policy')). When a plaintiff claims to have spent most of her time performing non-administrative functions despite a job description calling for her to perform administrative functions, she is effectively challenging her individual treatment, rather than an overarching classification policy. *Bramble,* 2011 U.S. Dist. LEXIS 39457, at *27 (citing *Mike v. Safeco Ins. Co. of Am.*, 274 F. Supp. 2d 216, 220 (D. Conn. 2003)). Like the plaintiff in *Safeco*, the gravamen of Fischer's claim is that potential collective action members spend most, if not all, of their time performing non-administrative tasks and are not administrative employees. As in *Safeco*, because Fischer asserts her job-duties did not conform to the job summary, she must show she is similarly situated to the proposed plaintiffs regarding her allegation she spent most of her time performing non-exempt work. Because this is an individual inquiry, conditional certification is inappropriate.

4.  <u>Fischer Produced No Admissible Evidence Suggesting She is Similarly Situated to Potential Collective Action Members.</u>

Although the Third Circuit Court of Appeals has not decided the issue, courts within this district have ruled that only admissible evidence may be considered when deciding an FLSA conditional class certification motion. See *Wright v. Lehigh Valley Hosp.*, No. 10-431, 2010 U.S. Dist. LEXIS 86915, at *12 (E.D. Pa. Aug. 24, 2010). *See also Siguenza v. Bayview Asset Mgmt., LLC*, No. 14-5336, 2015 U.S. Dist. LEXIS 78929, at *7 (E.D. Pa. June 17, 2015) (concluding general references to employees in other offices did not provide a modest factual showing of similarity to potential opt-in employees because references were inadmissible hearsay and speculation). This is especially true where, as here, Fischer provides conflicting testimony. *Hall* 2012 U.S. Dist. LEXIS 116129, at *34 (W.D. Pa. Aug. 17, 2012) (see Andre Saunders' declaration obtained in *Mitchell v. Federal Express Corporation*, No. 8:16-cv-03172 (D. Md. August 10, 2017) stating he set his own schedule and exercised independent judgment, **Attachment 11,** Saunders Decl., ¶ 6). Fischer and Saunders' statements regarding the experience of Specialists nationwide are *not* admissible evidence because they lack foundation. As the *Hall* court notes, to grant conditional certification based on a plaintiff's personal experience and unsupported attestation that other employees were subjected to the same policies, is contrary to the required modest factual showing, and would result in automatic preliminary certification. *Id*. at *33 (citing *Smith v. Sovereign Bancorp. Inc.*, No. 03-2420, 2003 U.S. Dist. LEXIS 21010, at *2-3 (E.D. Pa. Nov. 13, 2003); see also *Goldstein v. Children's Hosp. of Philadelphia*, No. 10-1190, 2012 WL 5250392, at *1 (E.D. Pa. Oct. 24, 2012)(finding knowledge gleaned from plaintiff's experience failed to make a modest factual showing that other employees were similarly situated).

Fischer admits her 17-year employment was limited to Pennsylvania. DE 24-2, Fischer Decl. ¶ 6, and  Saunders' experience was limited to locations in Dundalk and Beltsville, Maryland.

DE 24-3, Saunders Decl. ¶ 6. Neither declaration offers any proof of personal knowledge that the same alleged decisions, policies or plans about which Fischer complains applied nationwide. Absent such proof, Fischer has failed to meet her burden of showing she is similarly situated to potential collective action members.

5. Fischer's Declarations Lack the Specificity Required to Infer Potential Collective Action Members are Similarly Situated.

Courts have examined several factors in the conditional certification analysis including (1) the disparate factual and employment settings of the individual plaintiffs; (2) the defenses which appear to be individual to each plaintiff; (3) fairness and procedural considerations; (4) whether the plaintiffs all held the same job titles; (5) whether the plaintiffs worked in different geographical locations; and (6) whether there were different decision-makers. *Karlo v. Pittsburgh Glass Works*, 880 F. Supp. 2d 629, 644 (W.D. Pa. 2012) (citing *Wynn v. National Broadcasting Co., Inc.*, 234 F. Supp. 2d 1067, 1082-84 (C.D. Cal. 2002)). Other relevant factors include "whether potential plaintiffs were identified and; whether affidavits of potential plaintiffs were submitted. . ." *Hickton v. Enter. Rent-A-Car Co. (In re Enter. Rent-A-Car Wage & Hour Empl. Practices Litig.)*, No. 2056, 2010 U.S. Dist. LEXIS 82961, at *59 (W.D. Pa. Aug. 13, 2010).

Specialists work in all 50 states and the District of Columbia. They provide security services to multiple FedEx companies at various locations and types of facilities (e.g., hubs, ramps, stations). Individual Specialists' focus (i.e., how they spend their time) differs depending on the number and types of facilities to which they are assigned, the type and level of security issues, the season and their management's priorities. Security operations are divided into several regions, which have separate, independent management chains and multiple levels of management. Rourke Decl., ¶ 7. Fischer provides no factual basis to allow the Court to conclude that despite the job summary, and despite the region, whether assigned to an Express station, ramp or Hub, Ground

11

facility, both Express and Ground locations, the number and type of facilities, the management

chain or season, all Specialists nationwide spend most of their time performing non-exempt work.

To make the required factual showing, Fischer must produce affidavits, declarations,

deposition testimony, or other documents to establish a factual nexus between the way she was

affected by the alleged common policy and how it affected other potential members of the

collective action. *Garcia v. Vertical Screen, Inc.*, 387 F. Supp. 3d 598, 603 (E.D. Pa. 2019); *Galt*

*v. Eagleville Hosp.,* 238 F. Supp. 3d 733, 734 (E.D. Pa. 2017).  Fischer's supporting declarations

fall short.  To the extent the declarations are intended as proof that Specialists nationwide spend

most of their time on non-exempt tasks, the declarations lack foundation as they are not based on

personal knowledge. Neither declaration states the declarants worked outside their respective

states or personally know of Specialists activities in other states. Fischer provides no declarations,

affidavits, documents  or testimony indicating Specialists in other states spend most of their time

doing non-exempt work. Fischer provides no evidence other Specialists were generally assigned a

regular 40-hour schedule and, besides those 40 hours, had to work one evening sort per week, one

Saturday shift per month and every Saturday shift in December. Nor do either Fischer of Saunders

claim to have personally witnessed this. Fischer cites no document, communication or directive

suggesting a nationwide company policy for the alleged practices. The lack of testimony by

persons with knowledge, coupled with the absence of a written policy, document, directive, or

instruction is fatal to Fischer's claims of a common policy.

6.  <u>Fischer's Supporting Declarations are Insufficient to Infer Other Specialists are
Similarly Situated.</u>

Except for two paragraphs describing their employment history, the Fischer and Saunders

declarations are identical; both claiming to spend most of their time performing non-exempt work.

However, this, does not end the Court's inquiry. *Burkhart-Deal v. CitiFinancial, Inc.*, No. 07-

1747, 2010 U.S. Dist. LEXIS 9534, at *11 (W.D. Pa. Feb. 4, 2010). Fischer must share the requisite nexus with "the employees on behalf of whom [they are] seeking to pursue claims." *Id.* at *12 (citing *Veerkamp v. United States Sec. Assocs.*, No. 1:04-cv-0049-DFH-TAB, 2005 U.S. Dist. LEXIS 5835, at *4 (S.D. Ind. Mar. 15, 2005)). Here, Fischer seeks to pursue claims on behalf of Specialists nationwide and must satisfy the Court she is "similarly situated" to Specialists nationwide.

In *Burkhart-Deal*, the plaintiff submitted affidavits from ten employees who worked at seventeen Pennsylvania branches; one employee who worked at two branches in Washington state; two employees who worked at three California branches and her own affidavit she worked at two Pennsylvania branches. The declarants claimed no personal knowledge of violations beyond the locations at which they worked. Absent such proof, the court held there was no evidentiary basis to conclude putative collective action members in the remainder of the country were victims of the same unlawful policy or practice. *Id.* at *13.

The *Burkhart-Deal* court opined that the nature of the policy - unwritten, de facto requirements whose implementation or interpretation depended on individual managers or employees - did not readily support nationwide certification or notice. The court distinguished such alleged policies from facially across-the-board actions or policies in which nationwide notice was appropriate. *Id.* at *13-16. In limiting the conditional certification to those locations referenced in the declarations, the court stated, "[That] the policy was unwritten, or contrary to official company policy, is not the fatal characteristic. The problem, instead, is that there is absolutely no reasonable basis for extrapolating the experiences of [p]laintiff and her declarants beyond [locations], to the remainder of the country; likewise, there is no evidence that suggests that the

'policy' was imposed or sanctioned at a company-wide level, rather than on a manager- or employee-dependent basis." *Id*. at \*17.

   7.   <u>Conditional Certification is Inappropriate because Fischer Offers No Evidence Defendants Jointly Employed Other Specialists.</u>

Although courts sometimes reserve consideration of the joint employment factors until the final, stage-two determination, at the notice stage, plaintiffs must make some basic showing defendant companies jointly employ the putative class. *Gibbs v. MLK Express Servs., LLC*, No. 2:18-cv-434-FtM-38MRM, 2019 U.S. Dist. LEXIS 107480, \*29 (M.D. Fla. June 26, 2019). As in *Johnston v. Titan Logistics & Res, LLC*, No. 17-1617, 2019 U.S. Dist. LEXIS 155421, at \*17 (W.D. Pa. Sep. 12, 2019), Fischer must move beyond the pleading stage and provide a factual basis to support her allegations of joint employment. *Id.*; *see also Symczyk,* 656 F.3d at 193. (rejecting "substantial allegations" as the standard to establish FLSA plaintiffs are similarly situated to putative members of a collective action). FedEx Express hired Fischer, and Fischer's supporting declarations provide no factual testimony to support her allegation that FedEx Ground jointly employed Fischer and other Specialists hired by FedEx Express. Nor does Fischer provide any evidence that facts specific to her working relationship with FedEx Ground can be presumed to be the same nationwide.  The declarations do not attest to personal knowledge that other Specialists are jointly employed, and Fischer provides no declarations from other Specialists or other evidence to this effect. Conditional certification of a nationwide collective action is not appropriate.

Should the Court grant conditional certification, notice should exclude any Specialist assigned to only FedEx Express facilities. Fischer's allegations encompass those Specialists allegedly jointly employed by Express and Ground. Specialists hired by FedEx Express, but not assigned to a FedEx Ground facility, cannot reasonably be considered jointly employed by FedEx Ground.

14

8. <u>Fischer's Supporting Declarations are Insufficient to Infer Maryland Specialists are Similarly Situated.</u>

If this Court is inclined to conditionally certify a collective action, notice should be limited to similarly situated Pennsylvania Specialists. Fischer produced no evidence that similar FLSA violations occurred outside the locations at which she and Saunders worked and Saunders' personal experience at Maryland facilities is too limited to support statewide notice. Fischer never worked in Maryland (Fischer Decl. ¶¶5-6) and Saunders was assigned to only two (Saunders Decl. ¶¶ 5-6) of 19 Maryland facilities (Pina Decl., ¶ 7). Neither Fischer nor Saunders claim to personally know that Specialists at other Maryland locations are similarly situated, and Fischer produced no evidence on which to infer this to be the case. *See Sawyer v. Health Care Sols. at Home, Inc.*, No. 5:16-cv-5674, 2018 U.S. Dist. LEXIS 70152, at *8-9 (E.D. Pa. Apr. 25, 2018)(limiting FLSA collective to employees in certain Pennsylvania offices because plaintiff's evidence only showed defendants' policy being applied to employees of those offices).

## C.    Fischer's Proposed Notice and Consent Form do not Satisfy the Requirements of Section 216(B).

"In exercising the discretionary authority to oversee the notice-giving process, courts must be scrupulous to respect judicial neutrality [and]… must take care to avoid even the appearance of judicial endorsement of the merits of the action." *Hoffman-La Roche Inc v. Sperling,* 493 U.S. 165, 174 (1989).  Defendants objects to Fischer's proposed notice and have attached a proposed notice and consent form. See **Attachment 12**.

### OBJECTIONS TO NOTICE

● <u>Descriptions of potential members of collective action as individuals "who works or worked for Defendants."</u> (Because FedEx Ground hired no Specialists, the description may be  confusing. Also, the description is erroneous as it encompasses Specialists not assigned to a FedEx Ground facility. Because suit is brought on behalf of Specialists who Defendants allegedly jointly

employed, notice should only be sent to FedEx Express Specialists whose assignments included FedEx Ground facilities.)

● <u>References to Pennsylvania state law claims either specifically or as "class and" collective claims.</u> (Motion for Conditional Certification does not cover state law claims.)

● <u>Use of the phrase "similarly situated" with no defined meaning.</u> (With no definition, the phrase could easily be understood to mean "shared the same job title.")

● <u>Limiting the description of what this lawsuit is about to claims that individuals were mis-classified as salaried exempt and are owed overtime for time worked over 40 hours in a work week.</u> (Fails to give any context or meaning to the term "misclassified" and leaves the impression persons receiving notice are similarly situated simply because they worked more than 40 hours per week. Potential collective action members must have been assigned to a FedEx Ground facility and spent most of their time doing non-exempt work of the type and kind alleged in the Complaint.)

● <u>Limiting Defendants' denial to claims that the persons receiving this notice are eligible for or entitled to receive additional pay.</u> (Defendants also deny other allegations such as a company policy to understaff security specialist positions to force Specialists to work extra hours.)

● <u>Statements that this Court "authorized" notice.</u> (The Third Circuit has opined that it is best to exclude references indicating courts approve or authorize the notice because such statements "give the erroneous impression that maintenance of the action has a judicial imprimatur of approval." *Sperling v. Hoffman-La Roche Inc.*, 862 F.2d 439, 447 (3d Cir. 1988), *affirmed*, *Hoffman-La Roche Inc v. Sperling,* 493 U.S. 165, 174 (1989))

● <u>Fails to give notice that those who opt-in will be bound by any settlement.</u>

● <u>Statement re obligation to participate.</u> (The phrase "provide information and otherwise participate" can be understood to be limited to joining the lawsuit and cooperating with chosen counsel.)

● <u>Language re attorney representation.</u> (With no statement advising of the right to hire separate counsel, this section leaves the impression potential members have no choice but to be represented by opposing counsel.)

● <u>Failure to advise that court costs could be imposed.</u> (Courts have awarded costs to prevailing defendants in FLSA cases and have required this information be included in the notice sent to potential opt-in plaintiffs. *See, e.g., Wright v. Lehigh Valley Hosp. & Health Network*, No. 10-431, 2011 WL 221770, at *7 (E.D. Pa. Jan. 20, 2011)).

● <u>Language regarding contingency fee.</u> (The language could be viewed as a form of solicitation as it encourages potential members to select opposing counsel to avoid fees and costs even though they might hire separate counsel on equal or more favorable terms.)

● <u>Lack of a statement that the court has made no determinations on the merits.</u> (See *Barrera v. US Airways Group, Inc.,* No. CV-2012-02278-PHX-BSB, 2013 U.S. Dist. LEXIS 124624, at *24 (D. Ariz. Aug. 20, 2013) (requiring statement that court had made no determination on the merits.))

● <u>Section on retaliation</u> (*Id.* at *27, removing reference to retaliation because not asserted in Complaint).

● <u>Language on statute of limitations.</u> (The language implies a sense of urgency which could be viewed as encouraging individuals to join the lawsuit. To maintain neutrality, Defendants suggest: "There may be time limits in which to file an individual FLSA claim. If you choose not to join the lawsuit, you should consult an attorney to obtain further information about the time limits that may apply." The *Barrera* court approved similar language. *Id.* at *28.)

17

● <u>Directing potential members to contact opposing counsel and repeating phone number.</u> (*Id.* at *28-29, removing statement suggesting individual should contact plaintiff's counsel).

● <u>Multiple forms of notice.</u> (Gives the impression the Court endorses the lawsuit and compromises neutrality.)

● <u>Statement that individuals may join by electronic consent form available at an undesignated electronic address.</u> (Fischer gives no details on proposed location for electronic consent form. Placement on opposing counsel's website or a similar site would amount to solicitation.)

● <u>Reminder notice.</u> (Defendants object to sending a reminder notice and to the contents of the notice. Sending a reminder notice gives the impression the Court endorses the lawsuit. *See Knispel v. Chrysler Group LLC*, No. 11-11886, 2012 WL 553722, at *8 (E.D. Mich. Feb. 21, 2012); *Guzelgurgenli v. Prime Time Specials Inc.*, 883 F.Supp.2d 340, 358 (E.D.N.Y. 2012 ) (denying request to send reminder notices in absence of explanation of need); *but see Talarico v. Pub. P'ships, LLC*, No. 17-2165, 2018 U.S. Dist. LEXIS 140514, at *10 (E.D. Pa. Aug 20, 2018)(allowing a reminder notice to direct care workers who, due to long hours worked away from home, might not know of their rights). Also, the reminder notice replicates much of the objectionable language in the initial notice and consent form. Given the rationale for sending a second notice is to reach individuals who either did not receive or overlooked the first notice, any reminder should mirror the original notice.)

● <u>Third Party Administrator.</u> (Requiring a TPA would best comport with the Court's obligation to respect judicial neutrality, particularly where, as here, defendants offer to pay the costs. *But see Talarico,* 2018 U.S. Dist. LEXIS 140514, at * 9, (declining to require a TPA; but defendant did not offer to pay for a TPA.) Using a TPA also preserves the confidentiality of employee information.)

## OBJECTIONS TO OPT-IN CONSENT FORM

● <u>Referring to potential members as current or former FedEx Ground employees.</u> ( Because FedEx Ground hired no Specialists, the description may be confusing. Also, the description is erroneous as it encompasses Specialists not assigned to a FedEx Ground facility. Because suit is brought on behalf of Specialists who the Defendants allegedly jointly employed, notice should only be sent to FedEx Express Specialists whose assignments included FedEx Ground facilities.)

● <u>References to related entities or affiliates.</u> (*See Barrera,* 2013 LEXIS 124624, at *25-26 (modifying notice to remove reference suggesting there were more than one plaintiff and defendant.)

● <u>Description to what consent is given and no indication potential members are similarly situated.</u> (Without more, statement that "I consent to make a claim . . . to recover unpaid wages" is misleading. It leaves the impression persons receiving notice are similarly situated simply because they worked more than 40 hours per week. Potential members must have been assigned to a FedEx Ground facility and spent most of their time doing non-exempt work of the type and kind alleged in the Complaint.)

● <u>Statement that individual did not receive "proper overtime compensation."</u> (Without more, the statement is misleading as it gives the impression individuals joining the lawsuit need show no more than they worked more than 40 hours per week. Potential members must have been assigned to a FedEx Ground facility and spent most of their time doing non-exempt work of the type and kind alleged in the Complaint.)

● <u>Statement that individual may withdraw.</u> (Because those who opt-in become parties to the lawsuit, 29 U.S.C.§216(b), they can voluntarily withdraw only as permitted by Fed. R. Civ. P. 41(a)(1).

● <u>Fails to indicate agreement to participate in the case or be bound by any judgment or settlement.</u>

For the reasons articulated above, and the supporting documentation, Defendants request that the Court deny the Motion for Conditional Class Certification.

Dated July 1st, 2020.

ATTORNEYS FOR DEFENDANT
FEDERAL EXPRESS CORPORATION

By:    /s/ Frederick L. Douglas
       Frederick L. Douglas (Admitted *Pro Hac*)
       Brandon Pettes (Admitted *Pro Hac*)
       Federal Express Corp.
       3620 Hacks Cross Road
       Bldg. B, 3rd Floor
       Memphis, TN 38125-8800
       Telephone: (901) 434-8519

       Barak J. Babcock
       Federal Express Corp.
       3620 Hacks Cross Road
       Bldg. B, 3rd Floor
       Memphis, TN 38125-8800
       Telephone: (901) 434-8523

       Benjamin J. Ferron
       FedEx Ground Package System, Inc.
       1000 FedEx Drive
       Moon Township, PA 15108
       Telephone:  (412) 859-5945

## <u>CERTIFICATE OF SERVICE</u>

I certify that I served a copy of the foregoing via this Court's ECF filing system on July 1st, 2020 to:

George E. Swegman, Esquire (#19444)
Kelly A. Burgy, Esquire (#20758)
The Law Offices of Peter T. Nicholl
36 South Charles Street, Suite 1700
Baltimore, Maryland 21201
gswegman@nichollaw.com
kburgy@nichollaw.com

Scott M. Pollins (Pa. Atty. Id. No. 76334)
Tashell J. Jenkins (Pa. Atty. Id. No. 323580)
Pollins Law
303 W. Lancaster Avenue, Ste. 1C
Wayne, PA 19087
scott@pollinslaw.com
tashell@pollinslaw.com

**Attorneys for Plaintiff**

<u>/s/ Frederick L. Douglas</u>
Frederick L. Douglas

Doc # 1417190

21