**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CHRISTA FISCHER,
Individually and on Behalf of Other
Similarly Situated Employees**

      **PLAINTIFF**,

**V.**                               **Case No.: 5:19-cv-04924-JMG**

**FEDERAL EXPRESS CORPORATION AND
FEDEX GROUND PACKAGE SYSTEM, INC.,**

      **DEFENDANTS**

---

**DEFENDANTS' SUPPLEMENTAL BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION
FOR CONDITIONAL CERTIFICATION AND COURT-AUTHORIZED NOTICE**

---

Frederick L. Douglas (Admitted *Pro Hac*)
Brandon Pettes (Admitted *Pro Hac*)
Federal Express Corp.
3620 Hacks Cross Road
Bldg. B, 3rd Floor
Memphis, TN 38125-8800
Telephone: (901) 434-8519

Barak J. Babcock
Federal Express Corp.
3620 Hacks Cross Road
Bldg. B, 3rd Floor
Memphis, TN 38125-8800
Telephone: (901) 434-8523

Benjamin J. Ferron
FedEx Ground Package System, Inc.
1000 FedEx Drive
Moon Township, PA 15108
Telephone: (412) 859-5945

**TABLE OF CONTENTS** ........................................................................................ i

**ARGUMENT** .....................................................................................................1

    **A.  Fischer Has Not Established That She is Similarly Situated to Other Specialists.**.......1

        1.   <u>The Court Should Apply an Intermediate Standard of Review.</u> ...........................1

        2.   <u>Discovery Has Not Revealed a Factual Basis to Infer Fischer is Similarly Situated to Other Specialists</u>. ................................................................2

        3.   <u>Discovery Produced No Evidence on Which This Court Can Infer Maryland Specialists are Similarly Situation.</u> .........................................................4

    **B.  The Court Lacks Personal Jurisdiction Over FedEx Express.** ...................................5

    **C.  FedEx Express and FedEx Ground Do Not Jointly Employ Fischer**. .........................8

        1.   <u>Agreement between two equal sister companies.</u> ...................................................9

        2.   <u>The entire management chain for the security specialist is composed of FedEx Express employees.</u> ......................................................................10

        3.   <u>All Security Specialists are FedEx Express employees.</u> .......................................10

        4.   <u>FedEx Ground did not make any compensation and employment decisions regarding security specialists.</u> ...........................................................11

**CONCLUSION** .........................................................................................12

Despite extensive discovery, Fischer has failed to produce the required modest factual showing that would allow this Court to infer she is similarly situated to Specialists nationwide. Fischer has unearthed no policy, job description, document or directive requiring Specialists to perform tasks which can be fairly characterized as non-exempt. And, there is no evidence of personal observations or direct testimony to that effect.

## ARGUMENT

**A.    Fischer Has Not Established That She is Similarly Situated to Other Specialists.**

1. The Court Should Apply an Intermediate Standard of Review.

As directed by this Court, the parties have engaged in substantial discovery in this matter. Discovery was to be conducted in two phases. The first phase focused on conditional certification of the FLSA collective action, class certification of Fischer's state law claims and summary judgment on Fischer's individual claims (DE 26). The second phase covers final merits discovery. Although discovery was stayed two weeks prior to the November 6th phase-one deadline (DE 43), the parties have completed virtually all of phase-one discovery. Written discovery involving the production of over 1.2 million documents has been completed and, with the exception of the Rule 30(b)(6) deposition of Defendants' corporate representative, all noticed depositions have been taken.

Where, as here, the parties to an FLSA action have conducted substantial pre-certification discovery, the court should apply an intermediate standard. As noted in *Sloane v. Gulf Interstate Field Services, Inc.*, No. 4:16-cv-01571, 2017 WL 1105236 at *5 (M.D. Pa. Mar. 24, 2017), how closely the court must scrutinize the proposed class depends upon whether discovery has been made available to the plaintiff. Although district courts initially apply a lenient standard, once discovery is had, any presumption of leniency recedes, and the plaintiff is held to a more demanding burden.  In other words, "from the plaintiff to whom much discovery is given, much

1

proof is expected in return". *Id.* This intermediate or "modest showing plus" standard requires "some factual showing that the similarly-situated requirement is satisfied, . . . as a result of the discovery as measured against the original allegations and defenses." *Id*. at *6 (citing *Creely v. HCR ManorCare, Inc*., 789 F.Supp.2d 819, 827 (N.D. Ohio 2011)).

Citing *Bunyan v. Spectrum Brands Inc*., No. 07-CV-0089-MJR, 2008 WL 2959932 (S.D. Ill. July 31, 2008), the *Sloane* Court said it could not simply "close its eyes to the amount of discovery already performed," *Sloane*, 2017 WL at *7, and "it would be an entirely inefficient use of resources … to conditionally certify a collective action, only to double-back because the bulk of the discovery it already considered has cast an ominous shadow upon the propriety of the ultimate merits." *Sloane*, 2017 WL at *8. *See also*, *Korenblum v. Citigroup, Inc.*, 195 F.Supp.3d 475 (S.D. N.Y. 2016) (finding neither law nor logic supports rigidly applying the same standard of review at all points prior to discovery's close, particularly where discovery on conditional certification has been completed).

Given the substantial discovery that has taken place, this Court should evaluate conditional certification under a heightened standard that considers whether Fischer has "advanced the ball" beyond mere allegations to establish that a group of similarly situated employees exists and may opt in.

    2. <u>Discovery Has Not Revealed a Factual Basis to Infer Fischer is Similarly Situated to Other Specialists</u>.

Intermediate review requires the Court to compare the allegations in the Complaint to the factual record assembled through discovery and determine whether plaintiff has made a sufficient showing beyond her original allegations that would tend to make it more likely that a class of similarly situated  employees exists. *Creely*, 789 F. Supp. 2d at 827.  Despite extensive discovery, Fischer has produced no evidence that she observed other Specialists primarily performing non-

exempt work and no direct testimony of other Specialists to that effect. While Fischer says she worked "with" other Specialists assigned to stations outside Pennsylvania, she gives no indication with whom she worked, the type of work, the nature of the interaction or when the interaction occurred. *See* DE 24-2, PageID #4. She gives no indication of what, if anything, she observed.

As discussed in Defendants' sur-reply in opposition to Fischer's motion for conditional certification, merely alleging that a group of employees was classified as exempt with the attendant attribute of unpaid overtime does not establish those employees are similarly situated. *See* DE 38, PageID #2. It is similarly insufficient to simply allege that a group of exempt employees share certain general job functions. As stated in *Babin v. Stantec Inc.*, No. 09-1160, 2010 WL 3363920 at *4 (E.D. Pa. Aug. 25, 2010), "determining whether an employee is properly classified as overtime-exempt as an executive, administrative, or professional employee requires identifying the employee's 'primary duty'— not just the employee's generalized job functions—and determining how much time the employee spends performing both exempt and non-exempt work. *Id*. (citations omitted).

The evidence supporting Fischer's motion for conditional certification suffers from the same fatal flaws as that offered by the *Babin* plaintiffs. Despite extensive discovery, there is no evidence to which Fischer can point that suggests Specialists nationwide spend most of their time performing non-exempt work. Even if the Court were to conclude the tasks on which Fischer claims to have spent most of her time can reasonably be described as non-exempt work, Fischer produces no evidence that other Specialists spent most of their time performing the same or similar tasks. She neither claims to have seen others spending most of their times performing similar tasks nor produces testimony of other Specialists confirming the same.

"When plaintiffs base their assertions regarding similarly situated employees upon their own observations and conversations with other employees, courts have required details about these

observations and conversations, such as where and when they occurred, and the names of the employees involved." *Benavides v. Serenity Spa NY Inc*., 166 F.Supp.3d 474, 481-82 (S.D. NY 2016). *See also, Sanchez v. JMP Ventures, L.L.C.*, No. 13 Civ. 7264(KBF), 2014 WL 465542 at *2 (S.D. NY Jan. 27, 2014) (denying conditional certification where plaintiff provided no details of a single alleged observation or conversation on which he based his alleged knowledge other employees were subjected to a common practice). Fischer offers no dates for the alleged training sessions during which she interacted with other specialists, no names of any of the security specialists she observed or with whom she conversed, and no details of any of the alleged conversations.

3. <u>Discovery Produced No Evidence on Which This Court Can Infer Maryland Specialists are Similarly Situation.</u>

The Court's analysis is the same whether it considers conditional certification of a nationwide or Pennsylvania-only collective action. Other than her own testimony, Fischer only submitted a sworn statement from one other Maryland-based former security specialist—Andre Saunders. It is undisputed that during the relevant period, Declarant Saunders was assigned to only one FedEx Ground facility in Dundalk, Maryland. *See* DE 24-3, ¶6, PageID #2. The Dundalk facility is one of 19 Maryland hub, station and ramp facilities. *See* DE 30-9, ¶7, PageID #3. Though Fischer claims she worked *with* security specialists assigned to other states, she was assigned to Pennsylvania (particularly, the eastern part of the state) only. *See* DE 34, ¶8, PageID #10; DE 30-9, ¶7, PageID #3. Since Western Pennsylvania is part of the Central Region (**Attachment 1**, Dep. Anthony Wills, p. 18:14-19), not the Eastern Region, Fischer has no personal knowledge of the duties of Specialists in Western Pennsylvania and offers no proof thereon. No Specialists outside Maryland and Pennsylvania have been identified or provided testimony to support conditional certification. In the absence of such evidence, Fischer has failed to show others

desire to opt into a collective action, a required showing before certification and notice can be authorized. *Allen v. Hartford Fire Ins. Co.*, No. 6:16-cv-1603-Orl-37KRS, 2017 WL 3701139 *6 (M.D. Fl. Aug. 25, 2017) (citation omitted).  Generally, plaintiffs show such interest from affidavits, consents to join, and other evidence from non-named employees. *Id*.

In *Allen*, a misclassification/overtime case filed under the FLSA, the court found the plaintiffs made the requisite showing where, at the time they filed their motion to conditionally certify a nationwide class of Hartford disability claims analysts, plaintiffs had 16 consent-to-join notices by non-named employees, demonstrated that non-named employees from five different states desired to opt in, and submitted a sworn affidavit from a corporate officer confirming employees holding the same job title worked in seven different locations across the country. *Id*. at *6.  *See also*, *Babin*, 2010 WL at *3 (holding plaintiff failed to make a modest showing that he was similarly situated to a nationwide putative class of employees with "designer" in their job titles where he submitted evidence on only two of 53 job titles containing "designer").

Despite extensive discovery, this Court is still left with the unsupported statements of two former security specialists, both of whom worked their entire careers in only two states located in one particular region in a security organization that includes five distinct regions and covers all 50 states, the Caribbean, and Latin America (DE 30-3, ¶4, Page ID #3).  Fischer's meager evidentiary offering fails to meet either the "modest showing" or the heightened, "intermediate" standard commensurate with the substantial discovery.  Therefore, her motion for conditional certification should be denied.

**B.    The Court Lacks Personal Jurisdiction Over FedEx Express.**

In the absence of a statute authorizing service of process, a federal court has no authority to exercise jurisdiction over a defendant. *See Omni Capital Intern, Ltd. V. Rudolf Wolff & Co., Ltd.,* 484 U.S. 97, 104, 108 S. Ct. 404, 98 L. Ed. 2d 415 (1987). Unlike some federal statutes, the

FLSA does not provide for nationwide service of process. Because FedEx Express was not incorporated in Pennsylvania and does not maintain its principal place of business in Pennsylvania, this Court may only exercise jurisdiction over FedEx Express if there is a connection between Express' activities in the forum and the claims in the case. *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, —— U.S. ——, 137 S. Ct. 1773, 198 L.Ed.2d 395 (2017). As recently held in *Weirbach v. Cellular Connection LLC*, 2020 WL 4674127 (E.D. Pa. 2020), *Bristol-Myers* prevents federal courts from exercising jurisdiction over claims by FLSA opt-in plaintiffs based on conduct that occurred outside the forum.

The *Weirbach* court relied on FLSA statutory language to conclude no employee can be a party to an FLSA action unless she gives written consent and the consent is filed with the court. *See* 29 U.C.C. §216(b). Congress did not intend FLSA actions to subject employers to nationwide collective actions wherever they have employees.  *Weirbach, Id*. *5.  As the *Weirbach* court explains*, to hold otherwise is contrary to the Fifth Amendment's Due Process Clause that fixes the limits of the Court's personal jurisdiction, the Fourteenth Amendment, the clear wording of the FLSA, and the Supreme Court's decision in *Bristol-Myers*.

Here, contrary to the court's well-reasoned and supported analysis in *Weirbach,* Fischer's motion for conditional certification seeks to bring in hundreds of current and former security specialists as "parties" with "party status."  As explained in *Weirbach*, there is no personal jurisdiction because the law does not support a nationwide action against FedEx Express (the employer of all security specialists) simply where it has employees.  Further, because hundreds of security specialists do not have any connection with Pennsylvania and FedEx Express' activities in Pennsylvania (and claims in this case), there is no jurisdiction over hundreds of potential opt-in parties. *See Id*. *4-5.  As for the remedy, there are options: "[t]he plaintiff just has to file the case where the defendant is at home." *Id*. *5.  The Fifth and Fourteenth Amendments, the plain meaning

of the FLSA, and *Bristol-Myers*, all stand for the proposition that this Court lacks jurisdiction over claims asserted by non-Pennsylvania security specialists against FedEx Express.

The sound conclusion and reasoning in *Weirbach* is instructive and should control jurisdictional uncertainties in this case.  If this Court ignores *Weirbach* and authorizes notice to non-Pennsylvania security specialists, such a decision would only sow confusion.  Those part of any "nationwide" class outside the eastern part of Pennsylvania *did not* report to the same manager (Anthony Wills) to whom Plaintiff reported and were not subject to the same directions given to Plaintiff by Wills.   Further, Wills' directives, instructions, correspondence, supervision and evaluations were limited to those Specialists within the Eastern Region of FedEx Express' security operation who reported to him. It defies logic to conclude that security specialists based in Los Angeles, Memphis, Newark, Miami or Boston would be subject to the same directions promogulated by Wills to Plaintiff.

Although not a Pennsylvania case, another recent case worth noting because of its reliance on applicable constitutional standards and *Bristol-Myers* is *Pettenato v. Beacon Health Options, Inc*., 425 F.Supp.3d 264 (S.D. N.Y. 2019). In *Pettenato*, 19 plaintiffs filed an FLSA collective action in New York under the FLSA, New York state law, and Colorado state law on behalf of themselves and other similarly situated persons, alleging that the defendants misclassified them as exempt employees and failed to pay them overtime compensation. The 19 plaintiffs (five in New York) were current and former employees of the defendants based in at least eight states, who either worked remotely or in a call center environment. The court granted conditional certification for all who "resided or worked for defendants in New York State," *Id.* 269, but denied conditional certification for "a nationwide collective action," *Id*. 270.  Relying on *Bristol-Myers*, the court concluded it could not exercise either general or specific jurisdiction over the FLSA claims of out-

of-state plaintiffs against defendants, none of which are subject to general personal jurisdiction in New York. *Id*. 270.

In rejecting the nationwide class, the *Pettenato* court in its detailed and comprehensive reasoning stated:  (1) the FLSA does not provide for nationwide service of process, *Id.* 273; (2) in order for a court to exercise specific jurisdiction over a claim, there must be an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State, and when no such connection exists, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State, *Id*. 274; (3) there was no evidence the defendants would be subject to specific jurisdiction in New York with respect to the claims of the out-of-state plaintiffs had those plaintiffs brought suit individually, *Id*.; (4) based on the *Bristol-Myers* decision, the exercise of personal jurisdiction would violate due process because there is no connection between the forum and the underlying controversy sufficient to provide the court with specific personal jurisdiction over the defendants with respect to the out-of-state employees' FLSA claims at issue, *Id*. 278-279; and (5) a collective action is not a comparable form of representative action, therefore, the cases which have found *Bristol-Myers* inapplicable in the Rule 23 context are distinguishable, because Congress added the FLSA's opt-in requirement with the express purpose of banning such actions under the FLSA. *Id*. 279-280.

**C.     FedEx Express and FedEx Ground Do Not Jointly Employ Fischer**.

An analysis of the "economic reality" factors enumerated in *In re Enter. Rent-A-Car Wage & Hour Employment Practices Litig.*, 683 F.3d 462, 469 (3rd Cir. 2012) show that FedEx Express and FedEx Ground are *not* joint employers, and that FedEx Ground should be dismissed from the lawsuit.  Under the "economic reality" factors the only defendant that can be characterized as Fischer's employer under the FLSA is the Memphis, Tennessee based FedEx Express.

In *In re Enter. Rent-A-Car*, the Third Circuit articulated a non-exhaustive list of factors to consider in determining joint employment:

> (1) authority to hire and fire employees; (2) authority to promulgate work rules and assignments, and set conditions of employment, including compensation, benefits, and hours; (3) day-to-day supervision, including employee discipline; and (4) control of employee records, including payroll, insurance, taxes, and the like.

*Id*. at 467.  The court in *In re Enter. Rent-A-Car* concluded, "[w]hen determining whether someone is an employee under the FLSA, 'economic reality rather than technical concepts is to be the test of employment' [citation omitted] [and] [u]nder this theory, the FLSA defines employer 'expansively' [citation omitted] and with 'striking breadth.'" *Id*.

The only conclusion to be reached by the "economic reality" analysis is that all security specialists are employees of FedEx Express, *not* FedEx Ground. As discussed below, based on the plain language of the agreement between FedEx Express and FedEx Ground regarding security specialists, both conceded the specialists are FedEx Express employees only; no FedEx Ground managers supervise security specialists; Plaintiff admits she was a FedEx Express employee; was neither hired nor supervised by FedEx Ground; and the compensation decisions, terms of employment, hiring and disciplinary decisions were exclusively controlled by FedEx Express.

1. <u>Agreement between two equal sister companies.</u>

Fischer's unsubstantiated assertion that FedEx Ground is a subsidiary of her true employer was completely debunked. Despite having been given time for discovery, Plaintiff fails to provide any proof she was employed by FedEx Ground or that FedEx Ground is a "subsidiary" of FedEx Express.  FedEx Express provides security services to FedEx Corporation (both Defendants' parent company) and several other subsidiaries including FedEx Services, FedEx Office, FedEx Logistics and FedEx Ground. *See* DE 30-2, Rourke Decl., ¶ 7. FedEx Express provides security services to FedEx Ground under a Professional Services Agreement. *See* DE 30-5, Decl. of Donna Starnes, ¶

3, <u>Exhibit A</u>, (Professional Services Agreement).  Under the agreement, FedEx Ground pays a contractor's fee for the security services provided by security specialists (Sec. 1.01, 3.01). The agreement contemplates an independent contractor relationship between the parties (Sec. 11.01) and specifies that, for all purposes, the specialists are FedEx Express employees (Sec. 7.01). FedEx Ground does not hire, train or supervise specialists. *See* DE 30-6, Decl. of Bonnie Dolence, ¶¶ 3-4.

2.   <u>The entire management chain for the security specialist is composed of FedEx Express employees</u>.

Fischer's entire management chain – zone manager, senior manager, and managing director – are employed by FedEx Express, not FedEx Ground.  Here, Anthony Wills, zone manager, was Fischer's manager from 2012 until her resignation. At all times relevant to this lawsuit, Wills reported to Senior Manager Alex Pina, who in turn reported to Managing Director Stephen Rourke. **<u>Attachment 2</u>**, Christa Fischer Dep. 38:1-39:18. Wills is a manager in the Eastern Region.  Wills Dep. 18:8-19.  Wills is domiciled and based in Pennsylvania.  Christa Fischer Dep. 230:16-24. In 2019, ten security specialists reported to Wills. *Id*. 81:7-10.  All Fischer's managers are employed by FedEx Express. DE 30-2 (Rourke Decl.), ¶ 2; 30-10 (Wills Decl.) ¶¶ 2-3.

3.   <u>All Security Specialists are FedEx Express employees</u>.

The specialists are all employees of FedEx Express, not FedEx Ground. Wills Dep. 145:21-146:4.  The security department's management team is composed only of FedEx Express employees. *Id*. 146:5-10.  In addition, FedEx Express and FedEx Ground have completely different management chains.  *Id.* 147:3-7. As Plaintiff testified, no one from FedEx Ground participated in the process by which Plaintiff was hired into the FedEx Express security department. C. Fischer Dep. 296:14-23. No one from FedEx Ground participated or was involved in the interview process.  *Id*. 296:24-297:4.  FedEx Ground did not approve the hiring of Plaintiff, and it was not

involved in the hiring process of any security specialists. *Id*. 297:5-13, 298:14-17.  Indeed, FedEx Ground has no input on the hiring of specialists whether they are dedicated solely to FedEx Ground facilities or not.  Wills Dep. 146:11-14.

4.  FedEx Ground did not make any compensation and employment decisions regarding security specialists.

FedEx Ground did not compensate Plaintiff or any other security specialists and had no input in any compensation decisions. C. Fischer Dep. 300:9-15.  Plaintiff was always paid by FedEx Express.  *Id.* 300:13-15. FedEx Ground did not determine Fischer's work schedule.  *Id.* 305:10-13.  FedEx Ground did not determine which facilities Fischer was assigned.  *Id*. 308:  18-25; 309:1. Required daily and/or weekly summaries of Fischer's security-related activities were provided to FedEx Express, not FedEx Ground.  *Id*. 312: 9-14.  FedEx Ground never took any actions towards Plaintiff that she considered to be discipline. *Id.* 312:16-19. When Fisher moved and became dedicated to FedEx Ground facilities, she did not interview with any FedEx Ground officials and never completed any employment application to work with or be dedicated to FedEx Ground. *Id.* 135:7-19. Finally, when Fischer resigned, she only notified Express management. *See* **Attachment 3** (2/25/19 Fischer resignation email (bates Fischer – Station File 18)) referenced C. Fischer Dep. 21:3-7).

In summary, discovery has produced no evidence that FedEx Ground exerted any control over Fischer or other Specialists or determined the essential terms and conditions of their employment. The economic reality is that Specialists are hired, evaluated, paid, and supervised by FedEx Express.

## **CONCLUSION**

Based on the foregoing, Defendants pray this Honorable Court enter an order denying Fischer's motion for conditional certification and awarding them such other and further relief to which they may be entitled.

Dated November 20, 2020.

**ATTORNEYS FOR DEFENDANTS**

/s/ Frederick L. Douglas
Frederick L. Douglas (Admitted *Pro Hac Vice*)
Brandon Pettes (Admitted *Pro Hac Vice*)
**Federal Express Corporation**
3620 Hacks Cross Road
Bldg. B, 3rd Floor
Memphis, TN 38125-8800
Telephone: (901) 434-8519

Barak J. Babcock
**Federal Express Corporation** 3620 Hacks Cross Road
Bldg. B, 3rd Floor
Memphis, TN 38125-8800
Telephone: (901) 434-8523

Benjamin J. Ferron
**FedEx Ground Package System, Inc.**
1000 FedEx Drive
Moon Township, PA 15108
Telephone: (412) 859-5945

## <u>CERTIFICATE OF SERVICE</u>

I certify that I served a copy of the foregoing via this Court's ECF filing system on November 20, 2020 to:

George E. Swegman, Esquire (#19444)
Kelly A. Burgy, Esquire (#20758)
**The Law Offices of Peter T. Nicholl**
36 South Charles Street, Suite 1700
Baltimore, Maryland 21201
gswegman@nicholllaw.com
kburgy@nicholllaw.com

Scott M. Pollins (Pa. Atty. Id. No. 76334)
Tashell J. Jenkins (Pa. Atty. Id. No. 323580)
**Pollins Law**
303 W. Lancaster Avenue, Ste. 1C
Wayne, PA 19087
(610) 896-9909 (phone)/(610) 896-9910 (fax
scott@pollinslaw.com
tashell@pollinslaw.com

**Attorneys for Plaintiff**

/s/ Frederick L. Douglas
Frederick L. Douglas

Doc # 1442636