IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHRISTA B. FISCHER,** individually and on behalf of others similarly situated,<br>          Plaintiff,<br><br>          v.<br><br>**FEDERAL EXPRESS CORP.,**<br>          Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Civil No. 5:19-cv-04924-JMG |

**ORDER**

**AND NOW**, this 2nd day of December, 2024, upon consideration of the parties' Joint Motion for Settlement Approval (ECF No. 112), **IT IS HEREBY ORDERED AS FOLLOWS:**

The Court determines that this matter is suitable for decision without a hearing. The Court **GRANTS** approval of the Settlement based upon the terms set forth in the Settlement Agreements and the approval motion and memorandum (ECF No. 112), the Brome Declaration in support of the agreement and related exhibits, and all the briefing and information submitted in this case to date.

The Court finds that the Gross Settlement Amount, $825,000.00 is reasonable, and the allocation is fair. The scope of the releases is reasonable for the Named Plaintiff and the Opt-in Plaintiffs. The Settlement appropriately balances the risks of further proceedings against the strengths of Plaintiff's case, and the amount offered in settlement is fair considering the possible outcomes through trial. The Settlement reflects a reasonable compromise on bona fide disputes

and is not the result of employer overreach. The Settlement is supported by the recommendations of counsel and was negotiated at arms' length, and thus is presumptively valid.[1]

---

[1] FLSA claims may be settled with the approval of the district court per 29 U.S.C. § 216(b). *See Adams v. Bayview Asset Mgm., LLC*, 11 F. Supp. 3d 474, 476 (E.D. Pa. 2014). As the parties have put forth in their briefing, there are three factors for the Court to consider in approving a settlement: (1) whether there is a bona fide dispute; (2) whether the proposed settlement is fair and reasonable; and (3) whether the agreement frustrates the implementation of the FLSA in the workplace. *See Carney v. Travelers Aid Soc'y of Phila.*, Civ. A. No. 19-3599, 2020 WL 703684, at *2 (E.D. Pa. Feb 11, 2020). First, the parties dispute several aspects of Plaintiffs' pay: whether they were properly classified exempt from overtime, whether Defendant is able to demonstrate that Plaintiffs qualified under this exemption, and whether the Plaintiffs are exempt under the Railway Labor Act. Given these disagreements between the parties, this first element is satisfied. *See Kraus v. PA Fit II, LLC*, 155 F. Supp. 3d 516, 523 (E.D. Pa. 2016) ("A proposed settlement resolves a bona fide dispute where its terms 'reflect a reasonable compromise over issues, such as ... back wages, that are actually in dispute.'" (quoting *Lynn's Food Stores v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982))).

As to the second factor, the Court examines nine factors from *Girsh v. Jepson*, 521 F.2d 153 (3d Cir. 1975), in determining "whether a proposed settlement is fair and reasonable." *Lyons v. Gerhard's Inc.*, Civ. A. No. 14-06693, 2015 WL 4378514, at *4 (July 16, 2015). The factors are:

> (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) stage of the proceedings and the amount of discovery completed; (4) risks of establishing liability; (5) risk of establishing damages; (6) risk of maintaining the class action through the trial; (7) ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

*Id.* (citing *Girsh*, 521 F.2d at 157). The Court agrees with the parties that the factors here indicate that this is a fair and reasonable settlement. This case has been pending for five years, and the parties indicate that, without settlement, they would have to litigate these disputes further through motion practice and possibly trial. *See* Joint Mot. for Settlement App. ("ECF No. 112") at 11. This would add to the parties' litigation costs and efforts. Defendant also indicated that they would try to prevent Plaintiffs from proceeding collectively. *Id.* Moreover, the parties have also engaged in thorough discovery—four of the five members of the Plaintiff class have been deposed, multiple Rule 30(b)(6) witnesses have been deposed, and hundreds of documents have been reviewed to evaluate Plaintiffs' claims. The parties agree that the discovery process has provided them with "ample information to evaluate the claims and calculate possible outcomes." *Id.* at 12.

Next, the parties indicate that the settlement is reasonable given the risks of ongoing litigation. Plaintiffs' counsel used a model to calculate damages, and the parties arrived at each Plaintiff's settlement amount from this calculation. The Court agrees with the parties that the settlement

2

Further, the Court approves the request for attorneys' fees and costs; the fee request is justified by the results obtained here and Counsel's lodestar, which indicates a significant negative multiplier. The costs are approved, based on the expenses Plaintiffs' Counsel has incurred, and appear reasonable and appropriate to litigate this case.[2]

---

calculation is reasonable considering the risks of continued litigation. If litigation were to continue, the Defendant would attempt to prove its exemption defense, which could result in Plaintiffs receiving nothing. *See* ECF No. 112 at 13. The parties also acknowledge that even if Plaintiffs were to prevail, they could receive less than what they receive through this settlement. *See id.* at 14. Each of the five Plaintiffs has also signed a settlement agreement, signaling their intent to settle and acceptance of the terms of the agreement.

As the parties acknowledge, the only factor that could weigh against approval of this settlement is the seventh factor in the list above—"ability of the defendant[ ] to withstand a greater judgment." However, on the whole, and especially when taking into account the risks and expense of this litigation continuing, the factors indicate that this is a fair and reasonable settlement of this dispute.

Finally, the Court determines that this settlement does not frustrate the implementation of the FLSA in the workplace. The Court previously denied the parties' request to seal and/or redact the monetary value of the settlement agreements. *See* Order at ECF No. 111. The parties have agreed to a limited confidentiality agreement, where they are permitted to tell their colleagues that they have settled their dispute, they are not permitted to discuss the monetary value of the settlement. *See* Settlement Agreement at ¶ 11. This confidentiality agreement is not altered by the fact that the Court has denied the parties' request to seal. *Id*. Because the monetary value of the settlements has been publicly docketed per this Court's previous order, the Court finds that this limited confidentiality agreement does not frustrate the implementation of the FLSA in the workplace. Because the three elements have been satisfied, the Court grants the parties' Joint Motion for Settlement Approval.

[2] The Court also finds that the attorneys' fees and costs request are reasonable, and the Court will approve this component of the proposed settlement agreement. When a plaintiff prevails, reasonable attorney's fees and costs are allowed under the FLSA. *See* 29 U.S.C. § 216(b). The Court here will assess reasonableness using the percentage of recovery method. *See In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 821 (3d Cir. 1995) ("Courts use the percentage of recovery method in common fund cases on the theory that the class would be unjustly enriched if it did not compensate the counsel responsible for generating the valuable fund bestowed on the class."). There are seven factors to assess in determining whether an attorneys' fee award is reasonable under this method:

> (1) the size of the fund created and the number of persons benefitted; (2) the presence or absence of substantial objections by members of the class to the settlement terms and/or fees requested by counsel; (3) the skill and efficiency of the

The Court approves the request for $10,000.00 as the Named Plaintiff's service award.[3] The Court approves the timing and procedure for distributing payment set out in the Settlement.

The claims in this case shall be **DISMISSED WITH PREJUDICE** pursuant to the Settlement; the Court retains jurisdiction for the limited purposes of enforcing the Settlement, as set out in the Agreement. The Clerk of Court shall **CLOSE** this matter.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

---

attorneys involved; (4) the complexity and duration of the litigation; (5) the risk of nonpayment; (6) the amount of time devoted to the case by plaintiffs' counsel; and (7) the awards in similar cases.

*Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 195 n.1 (3d Cir. 2001).

Here the attorneys' fees requested is 36.6% of the total recovery. The Court finds this amount reasonable under these factors. This reflects the attorneys' work with five Plaintiffs' claims. The Plaintiffs signed their proposed settlement agreements with the understanding that a portion of the settlement funds would be paying their attorneys, and the Court is unaware of any objections. Counsel in this case billed 1,386.2 hours litigating this case—a case with several complexities that even wound up with a petition for certiorari before the Supreme Court of the United States. *See* 143 S. Ct. 1001 (2023) (denying certiorari). This percentage is also well within the amount of the awards in other cases. *See in re Gen. Motors*, 55 F.3d at 822 ("One court has noted that the fee awards have ranged from nineteen percent to forty-five percent of the settlement fund."). For these reasons, the Court approves the attorneys' fee award.

[3] The Court likewise finds the Named Plaintiff's incentive award to be reasonable and approves this payment. "Incentive awards are not uncommon in class action litigation and particularly where, as here, a common fund has been created for the benefit of the entire class," and "courts routinely approve incentive awards to compensate named plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation." *Cullen v. Whitman Med. Corp.*, 197 F.R.D. 136, 145 (E.D. Pa. 2000) (cleaned up). As the parties indicate, Plaintiff Fischer came forward, assisted counsel, was deposed, and participated in the settlement conference. The $10,000 award is reasonable and appropriate.